IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CESAR MARQUEZ, individually and as next friend of his minor children Z.D. and Z.D., <br><br> Plaintiff, <br><br> v. <br><br> GRANT DREILING, in his individual capacity, and USD 512 JOHNSON COUNTY, KANSAS BOARD OF EDUCATION, aka Shawnee Mission School District, <br><br> Defendants. | Case No. 25-2547-JWB-ADM |

## ORDER

Cesar Marquez is the father of two students attending school in the Shawnee Mission School District ("SMSD"). After the principal of Shawnee Mission South High School, Grant Dreiling, barred Marquez from all SMSD property, Marquez filed this civil-rights action against Dreiling and the USD 512 Johnson County, Kansas Board of Education (aka SMSD). This matter now comes before the court on Dreiling's Motion for Stay. (ECF 21.) By way of this motion, Dreiling asks the court to stay these proceedings pending a ruling on his motion to dismiss, in which he asserts immunity defenses. (ECF 17). For the reasons discussed below, this motion is granted in part and denied in part. The court stays discovery as to Dreiling, but the case will otherwise proceed.

This district's longstanding policy is not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion;

(3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-2 (D. Kan. Feb. 2, 2023). Whether to grant a stay of discovery is committed to the trial court's sound discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

     Dreiling's motion to stay is based solely on the fact that he has asserted absolute and qualified immunity defenses in his motion to dismiss. Marquez opposes the motion to stay by arguing that Dreiling's immunity defenses fail under recent and clearly established law. But regardless of the merits of Dreiling's immunity defenses, a defendant is generally entitled to have questions of immunity resolved before being required to engage in discovery. *See Arnold v. City of Olathe, Kan.*, No. 18-cv-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.")). Until the "threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit. *Siegert*, 500 U.S. at 232 (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits"). The undersigned judge makes no prediction on whether the presiding district judge will find Dreiling immune from suit, but the law is clear that Dreiling is shielded from discovery until the court makes that threshold determination.

The court finds no reason, however, to stay discovery as to SMSD. No party suggests a reason, and the court finds that moving this case forward—to the extent possible—will further the goal of a "just, speedy, and inexpensive determination" of this action. FED. R. CIV. P. 1. Thus, the court will proceed to issue an initial order regarding planning and scheduling in due course.

**IT IS THEREFORE ORDERED** that Dreiling's Motion to Stay (ECF 21) is granted in part and denied in part, as set forth above. The court stays discovery as to Dreiling but does not stay the proceedings entirely.

**IT IS SO ORDERED.**

Dated November 5, 2025, at Kansas City, Kansas.

<u>s/ Angel D. Mitchell</u>
Angel D. Mitchell
U.S. Magistrate Judge