IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CESAR MARQUEZ, individually and as next
friend of his minor children, Z.D. and Z.D.,

   *Plaintiff,*

v.

GRANT DREILING, in his individual capacity; and
BOARD OF EDUCATION OF UNIFIED SCHOOL
DISTRICT NO. 512, JOHNSON COUNTY, KANSAS
(Shawnee Mission School District),

   *Defendants.*

                           Case No. 25-2547-JWB-ADM

**PLAINTIFF'S NOTICE OF FACTUAL CORRECTION**
**REGARDING ORDER ON MEDIATION (DOC. 41)**

Plaintiff Cesar Marquez respectfully submits this brief Notice to correct a factual inaccuracy in the Court's Order Regarding Mediation (Doc. 41, entered February 19, 2026) that is material to the Court's analysis under D. Kan. Rule 16.3(f).

1. The Order states that "plaintiff paid the filing fee," and relies on that fact as evidence that Plaintiff has not established indigency. (Doc. 41.) This is incorrect. Plaintiff did not personally pay the filing fee. Under the parties' Contingent Fee Agreement dated September 17, 2025, litigation costs were advanced by former counsel Linus L. Baker. Specifically, Section 4 of the Agreement provides:

   > *"Costs and litigation expenses are the sole responsibility of the Client."*

   > *"Linus Baker has approved funding for costs and expenses on behalf of the Client and will advance such costs and expenses."*

   > *"The Client agrees that the costs and expenses paid on behalf of Client by Linus Baker will be repaid in full to Attorney Baker out of any settlement or judgment monies obtained by the Client."*

(Contingent Fee Agreement, §4(a)–(c), attached hereto as Exhibit A.) The filing fee was thus advanced by counsel as a litigation expense under this agreement, not paid by Plaintiff from personal funds. Repayment was contingent on a monetary recovery. No recovery has been obtained, and Plaintiff has not reimbursed counsel for the filing fee or any other advanced costs.

2. This correction is material because the Court cited the filing fee payment as the basis for its conclusion that Plaintiff has not established indigency under D. Kan. Rule 16.3(f). The fact that counsel advanced the filing fee as a contingent litigation expense—repayable only from any future recovery—does not establish that Plaintiff has the personal financial resources the Court's Order assumes.

3. Plaintiff also respectfully notes that the Order states Plaintiff "had a lawyer, who he terminated." (Doc. 41, citing ECF 34–36.) As set forth in Plaintiff's Notice of Clarification (Doc. 35) and the attached correspondence, counsel initiated withdrawal on January 7, 2026, citing "irreconcilable differences," and Plaintiff requested that counsel reconsider. Plaintiff raises this solely for accuracy of the record.

4. Plaintiff respectfully requests that the Court note these corrections and, to the extent the filing fee correction affects the indigency analysis under Rule 16.3(f), reconsider whether Plaintiff may be eligible for mediation at a reduced rate.

Respectfully submitted,

Dated:  February 20th, 2026

/s/ Cesar Marquez

Cesar Marquez, Plaintiff (pro se)

11723 W. 101st St.

Overland Park, KS 66214

**CERTIFICATE OF SERVICE**

I certify that on February 20th, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Cesar Marquez

Cesar Marquez