IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CESAR MARQUEZ,
   Plaintiff,

v.           Case No. 25-2547-JWB-ADM

GRANT DREILING, et al.,
   Defendants.

---

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT USD 512'S RESPONSES TO REQUESTS FOR PRODUCTION 16, 17, 22, 26, AND 73**

Defendant's discovery responses present two possible truths. Either documents responsive to RFPs 16, 17, 22, 26, and 73 exist and were withheld, violating Rule 26(g)(1)(B); or they do not exist because defendant never created them — in which case defendant has confirmed the Complaint's central allegation that the September 8, 2025 No-Trespass Notification was issued without factual investigation, specific policy citation, written findings, or process, in violation of Counts I, II, III, IV, V, VIII, IX, and X of the operative Complaint. ECF 1 ¶¶ 35–46. Defendant cannot occupy both positions. It must commit to one.

Plaintiff Cesar Marquez, pro se, moves under Fed. R. Civ. P. 37(a)(3)(A) and 37(a)(3)(B) to compel defendant Unified School District No. 512 to (a) produce the three documents withheld on its March 23, 2026 privilege log on waiver grounds or, after the *in camera* review directed by ECF 59 at 2, any entry not adequately supported under Rule 26(b)(5)(A)(ii); (b) amend its responses to RFPs 16, 17, 22, 26, and 73; and (c) re-run its electronic search with corrected parameters. ECF 59. The five requests target the documentary record of the September 8, 2025 No-Trespass Notification. Discovery against defendant Dreiling is stayed. ECF 23 at 2.

The five requests test that allegation directly. RFP 17 tests the documentary predicate; RFP 73 tests the drafting, approval, distribution, and enforcement chain; RFP 26 tests the directive

1

limiting plaintiff's contact with District staff (USD000200); RFP 22 tests defendant's record of any post-issuance violation of the Restrictions it imposed; and RFP 16 tests the complete Restrictions file.

The motion rests on four grounds, each established by defendant's own production, certifications, or May 8, 2026 search-methodology disclosure: (i) USD000200, USD000204, and USD000206 contradict the "None" responses to RFPs 22 and 26; (ii) the March 23, 2026 "No documents have been withheld" certification to RFP 17 is contradicted by the privilege log defendant served the same evening; (iii) the log is facially deficient under *Hill v. McHenry*, No. 99-2026-CM, 2002 U.S. Dist. LEXIS 6637 (D. Kan. Apr. 10, 2002); and (iv) the May 8 disclosure concedes a search confined to six custodians (two with materially wrong names), five terms, and a twenty-four-day window that excludes the September 24, 2025 reissuance and every privilege-log entry. Discovery is relevant under Rule 26(b)(1); this Court has denied qualified immunity on indistinguishable parent-ban facts. *Schmidt v. Huff*, 2025 WL 2374153, at *5–8 (D. Kan. Aug. 14, 2025); *Sullivan v. Unified Sch. Dist. No. 512*, No. 2:24-cv-02491, Doc. 59 at 33–35 (D. Kan. Sept. 25, 2025).

## I. Rule 37.2 Conferral

Plaintiff conferred. The Court held conferences on April 17 and May 11, 2026. ECF 59. Defendant's May 8, 2026 email substituted a partial deliverable that did not address RFPs 16, 17, 22, 26, or 73. D. Kan. Rule 37.2 is satisfied.

## II. The Discovery Standard

Discovery extends to any nonprivileged matter relevant and proportional to the case. Rule 26(b)(1). A "None" response carries the Rule 26(g)(1)(B) certification of reasonable inquiry; the operative scheduling order reinforces this, reminding that "the court must impose an appropriate

2

sanction … if the certification violates Rule 26(g) … without substantial justification." ECF 30 § 2(k). A privilege log must enable assessment of the claim, and the burden rests with the party asserting privilege. Rule 26(b)(5)(A)(ii); *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984).

### III. RFPs 22 and 26 — Two "None" Certifications Contradicted by Defendant's Own Production

RFP 22 seeks documents concerning alleged violations of the restrictions imposed by the No-Trespass Notification. RFP 26 seeks documents constituting or reflecting directives limiting communications between plaintiff and District staff. Defendant's responses to both, certified February 26, 2026, are "None." Three documents defendant produced on March 23, 2026 contradict those certifications. USD000200 (Sept. 8, 2025, 9:20 a.m., R. England, SMSD General Counsel, to P. Lofflin and M. Schmidt, cc K. Glaser): "This parent (Cesar Marquez) has signed-up for public comment tonight. He has exhibited volatile behavior, so please keep a close eye on him if he shows up at the CAA tonight" — General Counsel tasking the Chief of Police with monitoring an anticipated violation. USD000204 (9:30:14 a.m., M. Schmidt to R. England): "He was served a No Trespass this morning at IW" — a Chief-of-Police service report. USD000206 (9:34:35 a.m.): "Correction. He was not served as he did not show up for the planned meeting at IW. We are looking for a photograph now" — identity-gathering after missed service, referencing "the planned meeting at IW," a calendared item defendant separately certified "None" in response to RFP 59.

USD000200 also attaches Principal Dreiling's September 8, 2025 9:15 a.m. email: "Please do not contact Coach Fred or have any contact and/or communication with any student athlete at Indian Woods beside [Z.D.]. … [A]ll communication regarding cross country, can be done through Mr. Claypool." That is a directive limiting communications between plaintiff and District staff on

3

its face — precisely what RFP 26 asks for. The directive is the operative deprivation alleged at Complaint ¶ 50 (interference with parental access to children's educational meetings — Count IV), ¶ 87 (interference with parental access to children's school activities — Count V), and ¶ 33 (constraint on plaintiff's communication channels — Count IV procedural inadequacy).

Defense counsel's May 8, 2026 email (SHA-256 84c66ba1…23df6e5bd89) states verbatim: "Defendant will supplement its Response to Request No. 26, to include a reference to USD000200." No supplement has been served. The "None" stands on the docket, contradicted by defendant's own document and by defendant's own counsel's acknowledgment. Rule 26(e)'s duty to supplement is not discharged by a written commitment.

Two "None" certifications cannot coexist with three documents from defendant's own production showing enforcement coordination, service reporting, identity-gathering on the date the Notification took effect, and a written directive limiting plaintiff's contact with District staff.

## IV. RFP 17 — Defendant's Same-Day "No Documents Withheld" Statement Waives the Asserted Privileges

RFP 17 requests documents considered in deciding to issue the restrictions. Defendant's supplemental response, certified under Rule 26(g) on March 23, 2026, states verbatim: "No documents have been withheld based upon attorney-client or work product privilege." That statement is contradicted on its face by defendant's privilege log, served at 8:17 p.m. CDT the same evening, which withholds three documents on attorney-client and work-product grounds. The two filings were signed by the same attorney, certified under the same Rule 26(g) signature, and served within hours of one another. Identical "No documents have been withheld" sentences appear in defendant's supplemental responses to RFPs 18, 24, 30, and 56 — five repetitions across substantively distinct requests. The repetition forecloses any inadvertence defense. A representation that nothing has been withheld, paired with same-day withholding on the very

grounds disclaimed, operates as a waiver of the asserted privileges. *Peat, Marwick*, 748 F.2d at 542; *Sprint Commc'ns Co. v. Vonage Holdings Corp.*, No. 05-2433-JWL, Doc. 184 (D. Kan. May 8, 2007). The Court should order production of the three withheld documents on waiver, or, upon the *in camera* submission ECF 59 at 2 already requires of defendants, production of any entry not adequately supported under Rule 26(b)(5)(A)(ii).

**V. RFP 16 — The Three-Entry Privilege Log and Rule 26(b)(5)(A)(ii) Particularity**

Defendant's March 23, 2026 privilege log contains three entries. RFP 16 sought every version, draft, routing record, approval, attachment, and transmittal concerning the Restrictions issued to plaintiff. Rule 26(b)(5)(A)(ii) requires description sufficient to enable assessment of the claim. *Hill v. McHenry* articulates the per-entry components D. Kan. courts apply: Bates identifier, description, date, author and role, recipients and roles, purpose, page count, the specific privilege asserted, and information sufficient to establish each element. 2002 U.S. Dist. LEXIS 6637, at *6– 10.[1] The log departs from those components in six respects.

First, no Bates identifier per entry; the log discloses only page counts.

Second, no subject lines and no purpose statements. The "transmit legal advice" boilerplate cannot be tested. *Id.* at *9; *White v. Graceland Coll. Ctr.*, 586 F. Supp. 2d 1250, 1266–67 (D. Kan. 2008).

Third, identical boilerplate descriptions appear across three substantively distinct entries on three distinct dates with three distinct recipient sets.

---

[1] *Hill*, like *Moses v. Halstead*, 236 F.R.D. 667 (D. Kan. 2006), is a persuasive D. Kan. district court discovery opinion. Defendant has invoked *Moses* verbatim across twenty separate responses.

Fourth, no per-entry RFP mapping. Defendant's supplemental responses to RFPs 10, 16, 19, 20, 21, and 23 cross-reference "Defendant's privilege log" without identifying which entry maps to which request.

Fifth, each entry asserts "attorney-client and/or work-product" without differentiation. *Hill* held that formulation insufficient. *Id.* at *9–10.

Sixth, Entry 3 lists eleven recipients — the SMSD Chief of Police, an officer, a bookkeeper, a principal, an athletic director, and administrative staff — with no per-recipient need-to-know showing. The breadth presents a subject-matter-waiver concern. *Sprint*, Doc. 184 at 7–9.

Two further facts bear on the *in camera* review. R. England, author of all three entries, is a designated Compliance Coordinator under Policy AC (USD000008) — the officer charged with receiving retaliation complaints is the officer whose pre-decisional advice the log seeks to shield. Entries 1 and 2 are dated September 23, 2025 — one day before the District's September 24, 2025 re-characterization of the Notification's scope. The temporal proximity is relevant to the *in camera* assessment of whether the communications were predominantly legal or predominantly operational in purpose. *In re Grand Jury Subpoena*, 697 F.3d 1189, 1195 (10th Cir. 2012).

## VI. RFP 73 — Drafting, Approval, Distribution, and Enforcement Chain

RFP 73 reaches the complete drafting, approval, distribution, and enforcement record for the September 8 and September 24, 2025 Notifications. Defendant's own production proves the chain operated: USD000200 documents General Counsel's pre-issuance tasking of the Chief of Police; USD000204 and USD000206 document service reporting and post-issuance identity-gathering on the issuance date; the September 24, 2025 reissuance is in the production; and USD000119 documents the October 14, 2025 revision to Policy KN establishing the parent-access appeal procedure absent on September 8. Privilege-log Entry 3 (October 2, 2025; eleven recipients

including Chief Schmidt and Officer Rushing) operates squarely within this chain. Defendant has produced no drafting records, no approval routing, no Cabinet or Board documentation, and no enforcement records other than those listed. The documented endpoints — paired with the categorical absence of every intermediate and post-issuance record — fail the Rule 26(g)(1)(B) reasonable-inquiry standard.

**VII. The Rule 26(g) Search Methodology Cannot Have Produced a Complete Response**

Defense counsel's May 8, 2026 email states verbatim: "Defendant's IT, at the request of counsel, had searches run on the email accounts of Rachel England, Grant Dreiling, Dr. Mark Shumacher, Shelly Trenholm, Mark Schmidt and Phillip Laughlin with a dates range of 8/25/2025 – 9/18/2025 using as search terms 'Marquez', 'Cesar', '[Z.D.]', 'ban' and 'trespass'." That disclosure is inadequate on its face in three respects.

First, two custodian names are wrong. The District's superintendent is Dr. Michael Schumacher (USD000119–USD000124); "Dr. Mark Shumacher" is a different first name and a misspelled surname. The District employee at USD000200 is Philip Lofflin, philiplofflin@smsd.org; "Phillip Laughlin" is a different surname. If IT ran searches against the names counsel disclosed, the actual mailboxes of the Superintendent and Lofflin may never have been searched. The list further omits B. Claypool — cc'd twelve times on the produced record but never the top-level author, itself a search-omission flag — Coach Frederick Douglas, whose @lcc.org email is on a non-District domain, and Officer D. Rushing, the SMSD Police Department officer who produced the 9/8/25 notification voicemail (USD000062) and 1:34 p.m. callback request (USD000061). *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217–18 (S.D.N.Y. 2003).

Second, the disclosed 8/25–9/18 window cannot be reconciled with the underlying record. The Notification did not exist in isolation; it was the product of a two-month chain beginning with

7

this Court's *Schmidt v. Huff* decision on August 14, 2025, and ending with defendants' October 28, 2025 Motion to Dismiss (ECF 17). Ten documentary inflection points in that chain — each anchored to defendant's own production, docket, certification, or controlling public-record legal authority — fall outside the disclosed window, including the August 14 *Schmidt v. Huff* ruling on indistinguishable parent-ban facts (Counts II–V QI prong; Count X *Monell* deliberate indifference); the September 19–24 IDEA-compliance pressure window and reissuance (Counts IV, V, VIII); the September 23 and October 2 privilege-log entries (Counts II, IV, X); the October 8–9 reinstatement-coordination tranche (Counts IV, VIII, X); the October 14 ban-termination and Policy KN (Complaints) revision establishing the parent-access appeal procedure absent on September 8 (Counts IV, VIII, X — *Schmidt v. Huff* at \*12; *Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013)); and the October 28 dismissal-route decision (RFP 73 enforcement chain). See Exhibit A (inflection-point matrix with per-item Bates anchors, RFP basis, and Complaint-paragraph linkage).

Third, the disclosed five terms and email-only scope omit search vectors the produced record already proves were operationally used. The terms exclude the Notification's exact phrasing ("no-trespass," "no trespass," "trespass notification"), the central policies ("KGD," "KGDA," "KGB," "KN," "AC"), the internal shorthand on the face of the production ("CM," "CM Pic," "CM items" — USD000164), and the surnames of every other administrator on the produced record. No non-email ESI was searched — Teams/chat, calendars, telephony, security-platform records, SMSD PD case-management entries — despite USD000206 ("the planned meeting at IW," calendared by definition), USD000116 (an access-control sign-in record), and USD000061/USD000062 (SMSD Police voicemails) all being in evidence.

On these terms, the disclosed methodology does not meet the reasonable inquiry standard of Rule 26(g)(1)(B)(i).

## VIII. Requested Order

Defendant's responses to RFPs 16, 17, 22, 26, and 73 are contradicted by defendant's own production and same-day privilege log. Production of the documents these requests target is necessary to develop the Complaint's First Amendment retaliation (Count II) and viewpoint discrimination (Count III) theories, Fourteenth Amendment procedural due process (Count IV) and substantive due process / parental rights (Count V) theories, facial constitutional challenge (Count VIII), Equal Protection (Count IX), *Monell* municipal liability (Count X), and vague-as-applied (Count I). Plaintiff requests an order:

1. **Privilege-log relief.** Production of the three documents withheld on defendant's March 23, 2026 privilege log on waiver grounds (the same-day "no documents have been withheld" certifications appearing across RFPs 17, 18, 24, 30, 56); or, after the *in camera* review directed by ECF 59 at 2, production of any entry not adequately supported under Rule 26(b)(5)(A)(ii) and *Hill v. McHenry*. Material to Counts II, IV, and X.

2. **Amended responses.** Amended responses to RFPs 16, 17, 22, 26, and 73 within fourteen days, each stating whether responsive non-privileged material is withheld and on what basis under Rule 34(b)(2)(C), with Bates-by-Bates mapping of USD000200–USD000207.

3. **Re-run of defendant's electronic search,** with: (a) the corrected custodian list — Rachel England, Brandon Claypool, Mark Schmidt, Shelly Trenholm, Frederick Douglas IV (fdouglas@lcc.org), Officer D. Rushing, Philip Lofflin (corrected spelling), Dr. Michael Schumacher (corrected spelling), and Kent Glaser; (b) the window August 14 – October 28, 2025; (c) the additional terms identified in Section VII; (d) non-email ESI —

9

Teams/chat, SharePoint, OneDrive, calendars, telephony, security-platform records, and SMSD PD case-management entries; and (e) the per-custodian production targets identified in Exhibit B, including the .docx native of "NEW Policy KGB (Civility and Concealed Recordings)" and "Revised Policy KN (Complaints)" at USD000119 in native format with metadata preserved.

4. **Amended privilege log** within fourteen days conforming to Rule 26(b)(5)(A)(ii), accompanied by a declaration describing the search methodology actually used, the ESI categories not searched, and the date defendant's March 23, 2026 supplemental production was first identified for release.

5. Under Rule 37(a)(3)(A), **supplemental Rule 26(a)(1) disclosures** within fourteen days identifying Rachel England (author of USD000200, USD000201, and the three privilege-log documents), Mark Schmidt (author of USD000204 and USD000206), and Officer D. Rushing (declarant on USD000061 and USD000062) — each omitted from the December 9, 2025 Rule 26(a)(1) Disclosures despite being authors of the documentary record defendant has produced.

Dated: May 18, 2026.

Respectfully submitted,

/s/ Cesar Marquez
Cesar Marquez, pro se
11723 W. 101st Street
Overland Park, KS 66214
816-680-6854
calexmarquez@gmail.com

10

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, with notice to Gregory P. Goheen, McAnany, Van Cleave & Phillips, P.A., 10 E. Cambridge Circle Drive, Suite 300, Kansas City, Kansas 66103, ggoheen@mvplaw.com, Attorneys for Defendants.

/s/ Cesar Marquez