**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CESAR MARQUEZ,

      Plaintiff,

      v.

GRANT DREILING, et al.,

      Defendants.

Case No. 25-2547-JWB-ADM

**MEMORANDUM AND ORDER**

Plaintiff Cesar Marquez brings this civil-rights action against defendants Unified School District No. 512, Johnson County, Kansas, also known as Shawnee Mission School District ("SMSD") and Grant Dreiling, the principal of Shawnee Mission South High School, after defendants barred him from SMSD property. This matter is now before the court on SMSD's motion for entry of a protective order to govern the personally identifiable information (PII) of a minor student. (ECF 60.) For the reasons discussed below, this motion is denied.

## I.    BACKGROUND

On August 29, 2025, Marquez attended a middle-school cross-country meet held at Shawnee Mission South High School. During the meet, he cheered on student Z.D., whom he considers a son.[1] After Z.D. won a race, Marquez made comments to another student-runner and to Z.D.'s cross-country coach. SMSD considers the comments offensive and threatening. On September 7, Dreiling issued a no-trespass order banning Marquez from all SMSD property

---

[1] Marquez has conceded in court hearings that he is not Z.D.'s biological or adoptive parent.

without prior permission for the duration of the cross-country season (which ended on October 14).

Marquez filed this action on September 19, asserting violations of his constitutional free-speech and due-process rights.  Discovery opened in November, and Marquez has served document requests on SMSD.  SMSD has identified documents responsive to the requests that are defined as "student records" under the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA").  FERPA requires school districts to provide advance notice to a student regarding release of a "student record" pursuant to a legal proceeding.  *See* 34 C.F.R. § 99.31(9)(i).

The student records at issue here are those of a student whom SMSD states "was one of the individuals that [Marquez] had directed his threatening/intimidating behavior toward during the cross country event that resulted in the issuance of the No Tresspass Notification."  (ECF 60, at 2.)  As required by FERPA, SMSD sent a letter to the parents of the student on March 4, noting that SMSD "may be required to disclose certain personally identifiable information regarding the student in connection with this lawsuit."  (*Id.*)  On April 1, the student's mother submitted a written objection to SMSD, asking SMSD not to disclose any information about the student or herself to Marquez because of safety concerns.  The objection further asked SMSD to seek a protective order prohibiting such disclosure.  Based on the mother's request, SMSD filed the present motion for a protective order.

SMSD's motion asks the court to enter an order pursuant to Federal Rule of Civil Procedure 26(c) that permits it to redact the names and PII of the student and student's family from documents produced to Marquez in discovery.  Contemporaneously with the filing of the motion, SMSD submitted the mother's objection to the court for *in camera* review.  The court has considered the objection in reaching the decision set out here.

2

## II.    LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  FED. R. CIV. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (applying *Oppenheimer* after the 2015 amendment of Rule 26); *see also Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (analyzing the 2015 amendment and concluding that it did not change the scope of discovery but clarified it, and therefore *Oppenheimer* still applies).

Under Rule 26(c)(1), however, the court may find good cause to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Such a protective order may authorize a party to redact confidential information in documents produced. *See* FED. R. CIV. P. 26(c)(1)(D) (authorizing a protective order limiting the scope of disclosure or discovery to certain matters); FED. R. CIV. P. 26(c)(1)(G) (authorizing a protective order requiring that confidential commercial information "not be revealed or be revealed in a specified way"); *Ad Astra Recovery Servs. v. Heath*, No. 18-1145-JWB-ADM, 2020 WL 5057482, at *10 (D. Kan. Aug. 27, 2020) (applying the good-cause standard to a motion for a protective order authorizing redactions).  "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### III.   ANALYSIS

There is no doubt that the student records at issue are highly relevant in the present case. SMSD states that the student's parent complained to SMSD "about the incident" at the cross-country meet and says that the records contain "evidence of statements made by . . . both the parent and student." (ECF 60, at 2.) Moreover, SMSD anticipates that, in addition to submitting the parent and student statements as evidence, it will seek and present the testimony of both in this case. (*Id.*) Given that the student and parent are key witnesses to the events at the cross-country meet, and perhaps even more importantly that SMSD intends to rely on their statements and testimony to support its case, fairness requires that Marquez be given access to their identities.

SMSD has not established good cause under Rule 26(c)(1) to keep this information from Marquez. Although the mother asserts that, based on Marquez's behavior at the cross-country meet, revealing the identity of the student and his parents creates a safety concern, this concern is vague. The protective-order standard requires a showing that disclosure would "result in a clearly defined and very serious injury." *In re Syngenta Ag Mir 162 Corn Litig.*, No. 14-MD-2591-JWL-JPO, 2017 WL 386835, at *2 (D. Kan. Jan. 27, 2017) (internal quotation omitted). And to establish such an injury, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981). This standard has not been met by either SMSD in its public brief or by the parent in the objection that the court has reviewed *in camera*.

Thus, SMSD's motion for a protective order is denied. SMSD must produce (or reproduce) responsive discovery without redaction of the student and parent's identities. To the extent SMSD has privacy concerns about the release of other PII of the student, it should work with Marquez to re-submit a joint motion for entry of a general protective order to govern the exchange of

discovery.  The court notes that on December 31, the court denied the parties' first request for a general protective order, but did so without prejudice to the parties resubmitting a revised motion addressing the concerns the court noted in Exhibit A to its order.  (ECF 33.)  In addition, the court reminds the parties that Federal Rule of Civil Procedure 5.2 requires them to redact certain information in documents filed on the public record.

**IT IS THEREFORE ORDERED** that SMSD's motion for entry of a protective order (ECF 60) is denied.

Dated June 12, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge