**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| CESAR MARQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>GRANT DREILING, et al.,<br><br>Defendants. | Case No. 25-2547-JWB-ADM |

**MEMORANDUM AND ORDER**

Plaintiff Cesar Marquez brings this civil-rights action against defendants Unified School District No. 512, Johnson County, Kansas, also known as Shawnee Mission School District ("SMSD") and Grant Dreiling, the principal of Shawnee Mission South High School, after defendants barred him from SMSD property. This matter is now before the court on Marquez's motion for entry of a protective order precluding the deposition of non-party minor Z.D. (ECF 63.) For the reasons discussed below, this motion is denied.

## I.    BACKGROUND

On August 29, 2025, Marquez attended a middle-school cross-country meet held at Shawnee Mission South High School. During the meet, he cheered on student Z.D., whom he considers a son.[1] After Z.D. won a race, Marquez made comments to another student-runner and to Z.D.'s cross-country coach. SMSD considered the comments offensive and threatening. On September 7, Dreiling issued a no-trespass order banning Marquez from all SMSD property without prior permission for the duration of the cross-country season.

---

[1] Marquez concedes he is not Z.D.'s biological or adoptive parent.

Marquez filed this action on September 19, asserting violations of his constitutional free-speech and due-process rights.  Discovery opened in November, and SMSD has noticed Z.D.'s deposition.  (ECF 71.)  In the present motion, Marquez asks the court to enter a protective order that forbids SMSD from deposing Z.D. or, alternately, imposes conditions on the deposition.  (ECF 63, at 3-4.)  Marguez asserts that Z.D., a minor, has neurodevelopmental conditions, including Attention-Deficit/Hyperactivity Disorder ("ADHD") and anxiety, which cause him to be quiet and struggle to communicate, and which "bear directly on sustained attention, suggestibility, performance in evaluative settings, and emotional regulation under stress."  (ECF 63, at 2.)

## II.    LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  FED. R. CIV. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (applying *Oppenheimer* after the 2015 amendment of Rule 26); *see also Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (analyzing the 2015 amendment and concluding that it did not change the scope of discovery but clarified it, and therefore *Oppenheimer* still applies).  Under Feder Rule of Civil Procedure 26(c)(1), however, the court may find good cause to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

2

### III.    ANALYSIS

Before reaching the substance of the motion, the court addresses the initial question of whether Marquez has standing to bring the motion seeking protection on Z.D.'s behalf.  Marquez has not established such standing.  Marquez has resided with Z.D. and Z.D.'s mother since 2022, but he is not Z.D.'s biological or adoptive parent.  Marquez attempts to base standing on the fact that he meets the broad definition of "parent" under the Individuals with Disabilities Education Act ("IDEA"), 34 C.F.R. § 300.30(a)(4), and that, in the educational setting, SMSD has recognized that role by giving him access to Z.D.'s school records and allowing him to participate in Individualized Education Plan ("IEP") meetings.  However, standing to proceed on behalf of a minor in federal court is governed by Federal Rule of Civil Procedure 17(c), not by IDEA.  Rule 17(c) allows parents and legal guardians, as well as appointed "next friends" and *guardians ad litem*, to represent the interests of minors in federal court.  Marquez has cited no authority (and the court can find none) indicating that the nature of his relationship with Z.D. gives him legal standing to seek protection on Z.D.'s behalf in this court.

Even if Marquez had established standing, however, the court would still deny the request to prohibit Z.D.'s deposition.  No one disputes that Z.D. has personal information highly relevant to the events at the cross-country meet underlying this action, as well as other aspects of Marquez's claims and relief requested.  In that sense, Z.D. is similar to the minor student who was the subject of SMSD's motion for a protective order, which the court recently denied.  (ECF 86.)  SMSD states that "Z.D. is likely to be a witness at trial," a prediction that Marquez does not dispute.  Because information sought from Z.D. is relevant—indeed, highly relevant—SMSD is entitled to seek discovery from him in the form of a deposition unless there is good cause to enter a protective order prohibiting such discovery.

3

Marquez has not established good cause under Rule 26(c)(1) to prohibit SMSD from deposing Z.D.  The protective-order standard requires a showing that disclosure would "result in a clearly defined and very serious injury."  *In re Syngenta Ag Mir 162 Corn Litig.*, No. 14-MD-2591-JWL-JPO, 2017 WL 386835, at *2 (D. Kan. Jan. 27, 2017) (internal quotation omitted).  And to establish such an injury, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981).  Marquez has not met that standard.  Although Marquez has set forth neurodevelopmental conditions affecting Z.D., he has not shown that sitting for a deposition would potentially harm Z.D. or that Z.D. is incapable of answering questions.  Indeed, sitting for a deposition will hopefully streamline (and potentially obviate) the need for Z.D. to testify at trial— an environment that Z.D. might find to be even more intimidating and/or stressful than a deposition.

Marquez concedes in his reply brief that "it is unlikely the deposition will be barred, and requests three nonprejudicial conditions if it proceeds: a two-hour cap; the presence of a non-participating adult support person familiar to Z.D.; and a reasonable opportunity to consider each question before answering." (ECF 72, at 1.)  Setting aside the question of whether Marquez has demonstrated a specific need for such accommodations, the court finds their imposition largely unnecessary.  First, there is no need to set a reduced time limit for the deposition because SMSD's counsel already is sufficiently incentivized to economize the length of the deposition by virtue of the press of other business and the expense of the deposition transcript.  Second, both the Federal Rules of Civil Procedure and the District of Kansas Deposition Guidelines already ensure that deponents are treated fairly and given an opportunity to consider each question before answering. *See, e.g.,* FED. R. CIV. P. 30(d)(2) (permitting court to sanction any person who impedes the fair

4

examination of the deponent), 30(d)(3) (allowing deponent to move to terminate a deposition "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent"), 30(e)(1) (allowing deponent to request 30 days to review a deposition transcript and make changes to form and substance); D. Kan. Depo. Guideline 1 ("Counsel are expected to cooperate with, and be courteous to, . . . deponents.").  The court will, however, permit Z.D.'s mother to be present at the deposition, should she wish to be.  Additionally, the court will make its conference room available for Z.D.'s deposition if Z.D. would be more comfortable sitting for deposition there.[2]

In summary, Marquez has not demonstrated standing, nor good cause to prohibit or limit Z.D.'s deposition.  Marquez chose to file this lawsuit, and in so doing placed Z.D.—a key witness to underlying events—in the position of being a witness subject to questioning at a deposition. Marquez's motion for a protective order is denied.  However, Z.D.'s mother is granted leave to attend the deposition if she so chooses.

**IT IS THEREFORE ORDERED** that Marquez's motion for entry of a protective order precluding the deposition of non-party minor Z.D (ECF 63) is denied, as set forth above.

Dated June 15, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

-
-

---

[2] Should the parties desire to use the court conference room, they are directed to contact the undersigned judge's courtroom deputy to make arrangements.