**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CESAR MARQUEZ,

      Plaintiff,

      v.

GRANT DREILING, et al.,

      Defendants.

Case No. 25-2547-JWB-ADM

## MEMORANDUM AND ORDER

Plaintiff Cesar Marquez brings this civil-rights action against defendants Unified School District No. 512, Johnson County, Kansas, also known as Shawnee Mission School District ("SMSD"), and Grant Dreiling, the principal of Indian Woods Middle School, after defendants barred him from SMSD property.  This matter is now before the court on Marquez's motion to compel SMSD to respond to his Amended First Requests for Production of Documents ("RFPs") 16, 17, 22, 26, and 73.  (ECF 65.)  For the reasons discussed below, this motion is denied.

## I.      BACKGROUND

On August 29, 2025, Marquez attended a middle-school cross-country meet held at Shawnee Mission South High School.  During the meet, he cheered on student Z.D., whom he considers a son.[1]  After Z.D. won a race, Marquez made comments to another student-runner and to Z.D.'s cross-country coach.  SMSD considered the comments offensive and threatening.  On September 7, Dreiling issued a no-trespass order banning Marquez from all SMSD property without prior permission for the duration of the cross-country season.  Marquez filed this action

---

[1] Marquez concedes that he is not Z.D.'s biological or adoptive parent.

on September 19, asserting violations of his constitutional free-speech and due-process rights. Also on September 19, Marquez emailed Dreiling, stating that the no-trespass order would prevent him from attending Z.D.'s Individualized Education Plan ("IEP") meeting scheduled for September 22.  Dreiling responded that Marquez had his permission to attend the IEP meeting. On September 24, Dreiling issued a revised no-trespass order stating that the ban was limited to cross-country practices and meets for the remainder of the 2025 season.  On October 8, Dreiling emailed Marquez, "at the request of [Marquez's] attorney . . . to again verify the scope of the No Trespass Order."  (ECF 14-2.)  Dreiling stated that the end date was October 14, the end of the cross-country season.

Discovery opened in November, and Marquez issued 91 RFPs to SMSD.  SMSD initially responded to the RFPs on February 26, 2026, and supplemented its responses on March 23, 2026. At the parties' request, the court conducted a discovery conference on May 11 to discuss SMSD's responses and objections.  (ECF 59.)  After discussion, the court granted Marquez leave to file the present motion to compel.  Marquez asks the court to order SMSD to produce documents and/or amend its responses to RFPs 16, 17, 22, 26, and 73; produce documents withheld as privileged; and re-run its electronic search for responsive documents using different search parameters.

II.    **LEGAL STANDARDS**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).  When a responding party fails to make a disclosure or permit discovery, the discovering party may file a motion to compel. FED. R. CIV. P. 37(a).  In response to a motion to compel, the responding party has an opportunity to reassert and offer support for objections made in the discovery responses themselves. *See Kannaday v. Ball*, 292 F.R.D. 640, 644 (D. Kan. 2013).

### III.     ANALYSIS

Marquez's motion asks the court to compel SMSD to (1) "amend its responses to RFPs 16, 17, 22, 26, and 73;" (2) "produce the three documents withheld on its March 23, 2026 privilege log on waiver grounds or, after in camera review . . . any entry not adequately supported under Rule 26(b)(5(A)(ii);" and (3) "re-run its electronic search with corrected parameters."  (ECF 65, at 1.)   Marquez's reply suggests that subsequent SMSD action has resolved some of these disputes.[2]  The court will address each in turn.

### A.     SMSD's Responses to RFPs 16, 17, 22, 26, and 73

RFPs 16, 17, and 73: Marquez's opening brief asked the court to order production of documents responsive to RFPs 16, 17, and 73.  (ECF 65, at 4-7.)  SMSD represents in its response brief that "there are not any additional documents beyond those produced" responsive to RFPs 16 or 17, *except* four documents responsive to RFP 16 withheld as privileged (the court addresses the withheld documents below).  (ECF 67, at 4.)  In reply, Marquez states, "On RFPs 16, 17, and 73, Defendant now represents there are 'not any additional documents'—no drafts, no approval routing, no Cabinet or Board records, no investigation file" and that "Defendant's 'No Additional Documents' Representation Resolves the Matter."  (ECF 87, at 2.)  Thus, the court finds the discovery dispute moot as to these three RFPs.[3]

---

[2] Marquez filed his reply (ECF 87) seven days late.  He explained in the opening paragraph that he had calculated the filing deadline using a prior version of the District's local rules.  He requests leave to file it late.  Marquez is proceeding pro se.  SMSD has not voiced any objection to Marquez's request, most likely because the reply benefits SMSD to the extent that it abandons certain requests made in the motion.  Considering all of these unique circumstances, the court finds good cause to accept the reply late.

[3] Marquez's reply asks the court to "memorialize" SMSD's representation and suggests that "Defendants should be precluded from supplying at summary judgment the predicate it now swears does not exist."  (ECF 87, at 2.)  The court does not issue advisory opinions on purely hypothetical issues that may never come to fruition.  However, should defendants take a position in the future

RFP 22: In RFP 22, Marquez sought "documents relating to alleged violations of Plaintiff's Restriction(s), including reports, communications, witness statements, and enforcement actions taken." SMSD responded, "None." In his motion, Marquez argues that SMSD's "none" response is contradicted by three emails sent on September 8, 2025, which SMSD produced in response to other document requests. SMSD counters that the three referenced documents are not responsive to RFP 22, and in any event, that it has no other responsive documents in its possession, custody, or control. The court has reviewed the September 8 emails, which Marquez emailed to the court in connection with the May 11 discovery conference.[4] They are an exchange between SMSD's general counsel and security officers on the morning that Dreiling first emailed Marquez the no-trespass order, noting Marquez's past "volatile behavior," discussing whether officers had personally served Marquez the no-trespass order and their attempt to find Marquez's picture, and asking officers to watch Marquez if he attended a school board meeting that evening. The court agrees with SMSD that these documents are not responsive to RFP 22, which pertains to documents relating to Marquez's alleged *violations of* the no-trespass *restrictions*. None of the emails suggest Marquez had violated the restrictions that he had been notified of only minutes earlier. And, in any event, Marquez does not contest SMSD's position that it has no other responsive documents. In other words, there are no additional documents that the court could

that Marquez believes is contradicted by SMSD's written positions here, Marquez may call the court's attention to SMSD's earlier representations. Additionally, Federal Rule of Civil Procedure 37 provides remedies in situations where a party fails to disclose documents responsive to discovery requests or in violation of Rule 26(a) and (e)'s disclosure requirements.

[4] In the future, Marquez should file documents referenced in his pleadings as attachments to those pleadings if he seeks court consideration of the same.

compel if it granted Marquez's motion. Thus, this portion of Marquez's motion to compel is denied.

RFP 26: Marquez's opening brief asserted that, although SMSD had committed in writing to supplementing its production responsive to RFP 26, it had not done so. (ECF 65, at 4.) Marquez's reply noted, however, that SMSD "filed, with its Response, the very supplement to RFP 26 it promised." (ECF 87, at 1.) The court thus finds moot this portion of Marquez's motion to compel.

## B. Documents Withheld on Privilege Grounds

Next, Marquez asks the court to order SMSD to produce three documents that it is withholding as privileged. SMSD's March 23 privilege log states the documents are withheld under both the attorney-client privilege and work-product privilege. Marquez asks the court to compel disclosure of the documents either because (1) the elements of privilege are not present and the privilege log is defective or (2) SMSD waived privilege by representing in its supplemental responses to RFPs 17, 18, 24, 30, and 56 that it was not withholding documents as privileged "paired with same-day withholding on the very grounds disclaimed." (ECF 65, at 4-5.)

As the court directed in in its order following the May 11 discovery conference, SMSD submitted the withheld documents to the court for *in camera* review. (ECF 59.) After reviewing the documents, the court finds they were appropriately withheld under the attorney-client privilege because they are confidential communications between SMSD administrators (the client) and SMSD general counsel (the attorney) for the purpose of seeking and giving legal advice regarding the parameters of the no-trespass order. *See In re Grand Jury Proc.*, 616 F.3d 1172, 1182 (10th Cir. 2010) (defining the elements of attorney-client privilege under federal common law). Any

5

inadequacy in the privilege log—and the court is not ruling that there is any[5]—is cured by the court's in camera review and description of the documents here. The court will not find waiver of the privilege based on the log, particularly in the absence of evidence indicating bad faith on SMSD's part in preparing the privilege log. *See Sprint Commc'ns Co., L.P. v. Vonage Holdings Corp.,* No. 05-2433-JWL-DJW, 2007 WL 1347754, at \*5 (D. Kan. May 8, 2007) ("In the absence of evidence indicating bad faith on the part of Vonage in preparing the amended privilege log, however, the Court will decline to find waiver.").

The court further rejects Marquez's other waiver argument. Though a bit convoluted, Marquez appears to assert that SMSD waived privilege over the documents by representing in its supplemental responses to RFPs 17, 18, 24, 30, and 56 that it is not withholding documents responsive to those requests as privileged, but then nonetheless withholding documents as privileged. This argument fails because the withheld documents are responsive to RFPs 10, 16, 19, 20, 21, and 23, and SMSD asserted privilege objections in its supplemental response to each

---

[5] Federal Rule Civil Procedure 26(b)(5) requires a party who "withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material" to "describe the nature of the documents . . . not produced . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A)(ii). It does not require the withholding party to set forth the description in a particular format, but parties generally satisfy its tenets by providing a privilege log. *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2017 WL 1106257, at \*4 (D. Kan. Mar. 24, 2017) ("Although Fed. R. Civ. P. 26(b)(5)(A) doesn't expressly require a privilege log, a party withholding information on privilege grounds generally satisfies the tenets of that rule by providing a privilege log."); Farha v. Idbeis, No. 09-1059-JTM, 2010 WL 3168146, at \*4 (D. Kan. Aug. 10, 2010) ("Typically, parties satisfy Rule 26(b)(5)(A)(ii) by creating a privilege log describing the date the document was created, the author and receipt, the general reason the communication relates to legal advice or work product and the specific privilege claimed."). The level of detail required is determined on a case-by-case basis. *Kosjer v. Coffeyville Res. Crude Transp., LLC*, No. 17-1181-JTM, 2018 WL 1151515, at \*3 (D. Kan. Mar. 5, 2018).

of those requests.  The court finds that SMSD's RFP responses, privileged document withholdings, and privilege log all are consistent.  The court finds no basis for waiver.

To the extent Marquez's motion asks the court to compel production of documents on SMSD's privilege log, it is denied.

### C.      Electronic Search Parameters

Marquez next challenges the sufficiency of SMSD's search for responsive documents.  He relies on a May 8 email from defense counsel describing SMSD's IT department's search of the email accounts of six individuals for emails between August 25 and September 18, 2025, using specific search terms.  Marquez contends that SMSD should have searched additional email accounts, including from coach Frederick Douglas, athletic director Brandon Claypool, and officer Deborah Rushing, and covered a time period from August 14 to October 28, 2025.  Marquez further states that the search terms counsel described were too narrow, and that SMSD's search should have gone beyond email accounts.  Marquez notes that Federal Rule of Civil Procedure 26(g) requires "a reasonable inquiry" in responding to discovery requests and mandates attorneys to certify the same.

"Discovery compliance does not require a party to certify to production perfection; it requires a reasonable search."  *Greer v. Moon*, No. 2:24-CV-00421-DBB-JCB, 2025 WL 786698, at *2 (D. Utah Mar. 12, 2025); *see also Robinson v. City of Arkansas City, Kan.,* No. 10-1431-JAR-GLR, 2012 WL 603576, at *4 (D. Kan. Feb. 24, 2012) ("To adequately respond to a request for production, the respondent must conduct a reasonable search for responsive documents." (cleaned up)).  "As one court has explained, 'the Federal Rules of Civil Procedure require only a reasonable search for responsive information pursuant to a reasonably comprehensive search strategy.'" *Radiologix, Inc. v. Radiology & Nuclear Med., LLC*, No. 15-4927-DDC-KGS, 2019

WL 354972, at *11 (D. Kan. Jan. 29, 2019) (quoting *Enslin v. Coca-Cola Co.*, No. 2:14-cv-06476, 2016 WL 7042206, at *3 (E.D. Pa. June 8, 2016)). "Parties, along with their employees and attorneys, have a duty to act competently, diligently, and ethically with respect to discharging discovery obligations. This requires a joint effort to identify all employees likely to have been authors, recipients or custodians of documents responsive to the requests for production." *Robinson*, 2012 WL 603576, at *4.

Here, SMSD explained its search method during both the May 11 pre-motion discovery conference and in its response to the present motion. During the discovery conference, SMSD's counsel stated that in addition to asking SMSD's IT department to run the search, counsel spoke with all SMSD individuals involved. He explained that the IT department search "was done sort of as a fall back to making sure we [did] not miss something when we were getting information from individuals that we reached out to obtain documents from." The court then extensively question SMSD's counsel about what individuals he spoke with and gathered information from and the time period his search covered. The court noted the thoroughness of the search on the record.

SMSD's response brief elaborates that "[b]ecause the incident at issue was isolated to a limited universe of individuals and dates associated with a singular middle school cross country event, documents were gathered at the request of Defendant's counsel from those employees who were understood to have some involvement." (ECF 67, at 5.) The brief goes on to identify ten document custodians—including Douglas, Claypool, and Rushing—from whom documents were gathered. In other words, SMSD has demonstrated that its search for responsive documents went beyond the search conducted by its IT department. Indeed, Marquez recognizes that SMSD has

8

identified a number of responsive documents outside the date range of the IT department search, including all three documents listed on SMSD's privilege log.

SMSD represents that its responses are "complete and appropriate." (ECF 67, at 6.) After hearing from SMSD during the discovery conference and in its response brief, the court is satisfied that SMSD has conducted a reasonable search under a methodology tailored to find relevant and responsive documents. To the extent Marquez's motion asks the court to order SMSD to further search for documents responsive to Marquez's RFPs, it is denied. "Of course, it should go without saying that a number of sanctions would be available to [Marquez] should it later be revealed that responsive documents exist but were intentionally not found or produced by defendants." *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC,* No. 11-2684-JWL, 2014 WL 11516516, at *2 (D. Kan. Nov. 20, 2014).

**IT IS THEREFORE ORDERED** that Marquez's to compel SMSD to respond to RFPs 16, 17, 22, 26, and 73 (ECF 65) is denied.

Dated June 26, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

-
-