IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CESAR MARQUEZ,
Plaintiff,

v.

Case No. 25-2547-JWB-ADM

USD 512 JOHNSON COUNTY, KANSAS,
BOARD OF EDUCATION,
Defendant.

**PLAINTIFF'S MOTION FOR LEAVE TO TAKE TWO OUT-OF-TIME DEPOSITIONS (PETER DUFFEY AND FREDERICK DOUGLAS IV)**

Pursuant to Fed. R. Civ. P. 16(b)(4), 6(b)(1), and 30, and with leave granted (ECF 97), Plaintiff moves for leave to take two depositions out of time: **Peter Duffey** and **Coach Frederick Douglas IV**, by notice or Rule 45 subpoena as each witness's status requires. No other discovery is sought, and no existing deadline is affected. Each document cited is attached as an exhibit (ECF 93 at 4 n.4).[1]

## I. THE NEED FOR THESE DEPOSITIONS AROSE FROM DOCUMENTS PRODUCED AFTER DISCOVERY CLOSED

Written discovery closed June 11, 2026; the same day, the Court extended the deposition deadline to July 2 only "for depositions previously noticed." (ECF 85.) From June 11 forward, deposing any new witness required leave of court. Nothing Defendant produced through its March 23 supplement (ECF 93 at 2) revealed either proposed deponent's role. That record arrived in three waves, all after the close:

1. **June 17, 2026 (six days after close):** Complying with the Court's June 12 order to re-produce documents "without redaction" (ECF 86), Defendant revealed for the first time

[1]Certification and D. Kan. Rule 6.1(a) statement: Under D. Kan. Rules 37.1 and 37.2, Plaintiff certifies that he conferred in good faith with Defendant's counsel by correspondence of June 17–30 and July 1, 2026 (Exs. C–E), and that the parties addressed both depositions with the Court at the July 1, 2026 discovery conference, at which the Court granted leave to file this motion (ECF 97). Defendant's positions: agreed (Spykerman deposition, Ex. C); opposed (Duffey, Ex. C; Douglas, Ex. D). The act was first due at the June 11, 2026 discovery close, extended to July 2, 2026 for previously-noticed depositions by ECF 85 — the only prior extension of that deadline. The cause is stated in Part I. This motion is filed July 8, 2026, the date the Court set (ECF 97).

that a statement in Athletic Director Claypool's compilation — produced in February with the author's name and entire text redacted — is captioned "Statement from Peter Duffey," and that its author "wasn't there," acted "[a]fter viewing some posts online," and asked that the parent "be banned from future events." (Ex. A, USD000169, unredacted and redacted versions.) On June 18, Plaintiff advised Defendant's counsel, without contradiction, that public records identify Mr. Duffey as a licensed private investigator. (Ex. E.)

2. **June 29, 2026 (eighteen days after close):** Following Plaintiff's June 23 deposition of Mr. Claypool, defense counsel wrote that "a few" of the emails in Mr. Claypool's compilation "may not have been" produced stand-alone, and produced USD000869–881. (Ex. C.) The new pages include Mr. Claypool's September 6, 2025, 7:43 a.m. email asking the complaining family for "any parents that saw the interactions" — "The more information the better." — copied, like the family's own emails, to a personal Gmail account, not a District address. (Ex. B, USD000878–879.)

3. **July 1, 2026 (twenty days after close — the morning of the conference):** Defendant produced USD000882, Mr. Claypool's September 8, 2025, 11:23 a.m. reply to Mr. Duffey: "Thanks Peter. I truly appreciate your support and feedback and have added this to my notes to share with others." (Ex. D.)

Plaintiff does not revisit the Court's ruling on search adequacy (ECF 93) and does not contend the June 29 supplementation was improper. The point is timing: documents that surfaced only upon court-ordered unredaction and counsel's post-deposition review could not have grounded a timely deposition notice. Plaintiff's response was measured in hours: the production arrived June 17 at 2:41 p.m.; he conferred that evening; asked chambers for a conference the next

evening (ECF 91; granted, ECF 92); proposed an agreed resolution naming both deponents June 30; and by July 2 had served conditional notices holding July 24 dates. This motion is filed on the date the Court set. (ECF 97.)

## II. STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires that "scheduling deadlines cannot be met despite [the movant's] diligent efforts," and "may be satisfied, for example, if a plaintiff learns new information through discovery." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Six factors guide the analysis; the movant's diligence "remains the most important factor." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *Ropfogel v. United States*, 138 F.R.D. 579, 585 (D. Kan. 1991); *Kone v. Tate*, No. 20-1080-TC-ADM, ECF No. 65 at 6 (D. Kan. Mar. 31, 2021) (Mitchell, M.J.). Rule 6(b)(1)(B) additionally asks "the reason for the delay, including whether it was within the reasonable control of the movant" — here, it was not. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

## III. EVERY FACTOR FAVORS LEAVE

**Trial and prejudice (factors 1 and 3).** No trial date is set; the pretrial conference is July 27. (ECF 85.) Leave disturbs no deadline: the pretrial order remains due July 16, and the dispositive-motion deadline stands vacated, to "be re-set when the court enters the pretrial order" (ECF 85). Defendant itself served supplemental disclosures adding five witnesses on June 29, three days before the cutoff. Two four-hour depositions at Plaintiff's cost are the ordinary cure.*Cf. Culp v. Sentinel Real Estate Corp.*, No. 24-2274-JWB-ADM, ECF No. 57 at 6 (D. Kan. July 10, 2025) (Mitchell, M.J.).

**Opposition (factor 2).** Defendant agreed to an out-of-time deposition of Susan Spykerman "at a mutually agreeable time after the current close of discovery," and did not oppose her document subpoena. (Exs. C–D; ECF 97.) It opposes deposing Mr. Duffey because he "did not witness the events at issue" (Ex. C), and Coach Douglas because Plaintiff has "known about Mr. Douglas since before this lawsuit was filed" (Ex. D). The first objection states the reason for the deposition: Mr. Duffey — never identified in any of Defendant's Rule 26(a)(1) disclosures — complained about events he says he did not see, and Mr. Claypool "added this to [his] notes to share with others." (Exs. A, D.)

**Diligence and foreseeability (factors 4 and 5).** These factors decided *Smith*, where the movant knew the witness and the need throughout "the initial seven-month discovery period." 834 F.2d at 169 & 169–70 n.4. Here, every day between June 17 and this filing is accounted for by court process (*supra* Part I), and after June 11 no new deposition could be noticed without leave in any event. (ECF 85.) Plaintiff could not foresee deposing Mr. Duffey — a person Defendant never disclosed, whose complaint sat in the record with author and text redacted until the Court ordered otherwise. Coach Douglas's name was always known; his role in assembling the complaint record was not: the June 29 production first showed the family's correspondence and the Athletic Director's solicitation copied throughout to a personal non-District account, and USD000882 first showed the resulting file being "share[d] with others." (Exs. B, D.) Good cause is measured from when the significance surfaced, not when the name was learned. *See Greer v. City of Wichita*, No. 16-1185-EFM, ECF No. 128 at 3 (D. Kan. July 21, 2017); *Gorsuch*, 771 F.3d at 1240.

**Relevance (factor 6).** The September 8, 2025 sequence — the morning Mr. Dreiling "first emailed Marquez the no-trespass order" (ECF 93 at 4); Mr. Duffey's 11:01 a.m. complaint

(Ex. B, USD000875); Mr. Claypool's 11:23 a.m. "added this to my notes to share with others" (Ex. D); the complaining parent's 11:44 a.m. transmittal (Ex. B, USD000876) — bears directly on causation and the *Mt. Healthy* same-decision defense, because the assembled file is among the documents the decisionmaker reviewed (Def.'s Answer to Interrog. No. 6, Ex. J). Only testimony can supply who told Mr. Duffey of the incident and how a stranger's email reached the decision file. Coach Douglas is the other party to the alleged physical contact, the author of the only contemporaneous witness statement (Def.'s Resp. to RFA 15 and USD000129, Ex. J), and the first-line collector of the student report. *Fish v. Kobach*, 320 F.R.D. 566, 577 (D. Kan. 2017) (granting a short post-deadline deposition of "the only person with direct knowledge").

## IV. RELIEF REQUESTED

Plaintiff requests leave to take the depositions of Peter Duffey and Frederick Douglas IV out of time, on these terms: (1) each limited to four hours, confined to the August–October 2025 events and related complaints and statements; (2) completed within 14 days of the Court's order (Plaintiff is available the week of August 3); (3) at defense counsel's offices or by remote videoconference, at the witness's preference; (4) any required Rule 45 subpoena served within three business days of the order, Plaintiff bearing his own court-reporter and transcript costs; (5) no other discovery reopened; and (6) no other deadline affected.

Respectfully submitted,
/s/ Cesar Marquez
Cesar Marquez, pro se
11723 W. 101st Street, Overland Park, KS 66214
816-680-6854 · calexmarquez@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, with notice to Gregory P. Goheen, McAnany, Van Cleave & Phillips, P.A., 10 E. Cambridge Circle Drive, Suite 300, Kansas City, Kansas 66103, ggoheen@mvplaw.com, Attorneys for Defendant.

/s/ Cesar Marquez