IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CESAR MARQUEZ,
     Plaintiff,

v.
                                     Case No. 25-2547-JWB-ADM

USD 512 JOHNSON COUNTY, KANSAS,
BOARD OF EDUCATION,
     Defendant.

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO TAKE TWO OUT-OF-TIME DEPOSITIONS

Defendant's Response (ECF 99) does not dispute the timeline that decides this motion: the documents creating the present need for these depositions surfaced June 17 through July 1, 2026, after discovery closed, through court-ordered unredaction (ECF 86) and Defendant's supplemental productions. Diligence "remains the most important factor" (Mot. 3) and is unrebutted; the Response identifies no concrete prejudice and challenges none of Plaintiff's proposed conditions.

On Mr. Duffey, Defendant concedes non-disclosure: "Plaintiff would be correct." (ECF 99 at 1.) That concession, combined with the redaction of Mr. Duffey's identity and statement until June 17 (Ex. A), defeats any foreseeability argument. The hearsay objection confuses admissibility with discoverability, Fed. R. Civ. P. 26(b)(1), and states the reason to depose: a complainant who "wasn't there" sought a ban, and his complaint was placed in the compiled record Defendant identified in response to Interrogatory No. 6. (Exs. A, J.) Defendant identifies no other direct source for who supplied Mr. Duffey's information, what he reviewed, and how his complaint entered that record.

On Coach Douglas, Defendant's treatment of Ms. Spykerman (ECF 99 at 1 n.2) confirms that prior knowledge of a name does not itself defeat good cause when the material significance of a witness's role emerges after the deadline. The June 29 production first showed the Spykerman complaint chain and Mr. Claypool's September 6 request for statements and additional witnesses

copied to fd4mail@gmail.com on a chain expressly referencing "Coach Fred." (Ex. B, USD000878–879.) The July 1 production then showed the compiled material added to Mr. Claypool's notes "to share with others." (Ex. D, USD000882.) Those documents revealed Coach Douglas's inclusion in a post-complaint evidence-gathering and transmission chain beyond his previously known contemporaneous statement. After June 11, Plaintiff could not notice that newly warranted deposition without leave. (ECF 85.)

Proportionality is answered by the narrowly limited relief itself: two depositions limited to four hours each, at Plaintiff's cost, with nothing else reopened. Even if Rule 6(b)(1)(B) separately applies, every *Pioneer* factor (507 U.S. at 395) favors leave: Defendant identifies no concrete prejudice; the brief delay affects no trial, motion, or other deadline; the need arose from post-close productions outside Plaintiff's control; and Plaintiff acted promptly and in good faith, conferring immediately, serving conditional notices, and filing on the date the Court set. (ECF 97.) Leave should be granted as proposed.

Respectfully submitted,
/s/ Cesar Marquez
Cesar Marquez, pro se
11723 W. 101st Street, Overland Park, KS 66214
816-680-6854 · calexmarquez@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, with notice to Gregory P. Goheen, McAnany, Van Cleave & Phillips, P.A., ggoheen@mvplaw.com, Attorneys for Defendant.

/s/ Cesar Marquez