**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CESAR A. MARQUEZ II,
*Plaintiff,*
v.

GRANT DREILING, et al.,
*Defendants.*

Case No. 2:25-cv-02547-JWB-ADM

---

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF RULE 45 SUBPOENA ON NON-PARTY PETER DUFFEY**

Plaintiff Cesar A. Marquez II, pro se, respectfully moves the Court for an order authorizing alternative service of the deposition subpoena directed to non-party Peter Duffey under Fed. R. Civ. P. 45(b)(1). Despite five attempts at personal service at Mr. Duffey's residence — the most recent of which reflected active evasion — Mr. Duffey has not been served. Because the Court has ordered that Mr. Duffey's deposition proceed “as soon as practicable” (ECF 103), and the deposition is confirmed for August 20, 2026, Plaintiff asks the Court to consider this motion on an expedited basis.

## I. BACKGROUND

1. On July 23, 2026, the Court granted Plaintiff leave to take the out-of-time deposition of Peter Duffey, limited to four hours, “as soon as practicable.” (ECF 103.)

2. On July 27, 2026, Plaintiff emailed defense counsel to coordinate dates and served an amended notice of deposition. After the court-reporting agency confirmed its earliest available date, the deposition was set for **Thursday, August 20, 2026, at 9:00 a.m.** at the

offices of McAnany, Van Cleave & Phillips, P.A., 10 E. Cambridge Circle Drive, Suite 300, Kansas City, Kansas 66103. Defense counsel has confirmed this date.

3. On July 29, 2026, the Clerk of this Court issued a signed subpoena commanding Mr. Duffey's attendance at the August 20 deposition (AO 88A). (Ex. 1.)

4. Plaintiff promptly arranged for Ashley Hulett, a person over 18 years of age and not a party to this action, to deliver the subpoena to Mr. Duffey personally at his residence, 10020 Foster St., Overland Park, Kansas 66212, together with tender of the $40.00 statutory witness fee and mileage. Rule 45 requires nothing more of the person serving: "[a]ny person who is at least 18 years old and not a party may serve a subpoena." Fed. R. Civ. P. 45(b)(1). (Ex. 2 ¶¶ 1–2.)

5. As detailed in the accompanying declaration (Ex. 2), the server attempted personal service **five times** across four calendar days: a Friday, a Saturday (twice), a Sunday, and a Monday at varied times covering morning, afternoon, and evening (Ex. 2 ¶ 4):

| # | Date | Time | Result |
|---|---|---|---|
| 1 | Fri., July 31, 2026 | 10:48 a.m. | Knocked and rang; an unknown woman answered and stated Mr. Duffey and his family were on vacation and would return over the weekend. Two Jeeps, a silver Honda Accord, and a silver Mazda CX-5 were present at the residence. |
| 2 | Sat., Aug. 1, 2026 | 1:12 p.m. | Knocked, rang doorbell, no response. |
| 3 | Sat., Aug. 1, 2026 | 6:10 p.m. | Knocked, rang doorbell, no response. |
| 4 | Sun., Aug. 2, 2026 | 11:20 a.m. | Knocked, rang doorbell, no response. |
| 5 | Mon., Aug. 3, 2026 | 6:00 p.m. | **ACTIVE EVASION** — A Toyota Land Cruiser with a roof-mounted carrier, not previously present, was now parked in the driveway. The |

| # | Date | Time | Result |
|---|---|---|---|
| | | | server rang the doorbell and knocked; lights were on and muffled voices were audible inside, and the server felt movement from the front porch while calling out for Mr. Duffey by name , yet no one answered the door. |

6. Mr. Duffey is not a stranger to legal process. He is the president of DHS Investigations, a licensed private investigations firm, and is himself a licensed private investigator, as this Court is already aware. (See ECF 98.) His residence address, 10020 Foster St., Overland Park, Kansas 66212, has been verified as current.

7. Mr. Duffey's email address, **ffudetep@gmail.com**, is confirmed in the discovery record as an address he personally used to communicate with District administrators about the very events on which he will be examined. (See USD000875; ECF 98, Ex. B.)

8. Because this motion concerns service on a non-party, D. Kan. Rule 37.2's meet-and-confer requirement does not apply.

## II. ARGUMENT

### A. Rule 45 does not require in-hand personal service in this District.

Serving a subpoena "requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Judges of this District have repeatedly held that "'delivering a copy [of the subpoena] to the named person' — the phrase used by Rule 45 — can include methods of service other than direct, hand-over-hand personal service." *Ross v. Jenkins*, No. 17-2547-DDC, 2019 WL 3453705, at *1 (D. Kan. July 31, 2019);* accord W. Res., Inc. v. Union Pac. R.R. Co.*, No.*

*00-2043-CM, 2002 WL 1822432, at* 2 (D. Kan. July 23, 2002) ("[T]his Court thus joins those holding that effective service under Rule 45 is not limited to personal service. The Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service."); *Yost v. K. Truck Lines, Inc.*, No. 03-2086-DJW, 2006 WL 8440101, at *2 (D. Kan. Jan. 11, 2006) ("This Court cannot find that the language of Rule 45(b)(1) mandates personal delivery on the individual or that it prohibits alternative means of service."). The governing standard is that alternative service "reasonably insure[] actual receipt of the subpoena by the witness."* W. Res.*, 2002 WL 1822432, at* 2 (citing *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997)); *Yost*, 2006 WL 8440101, at *2 (same).

Most recently, this Court approved alternative service of a deposition subpoena on an evasive non-party witness by a combination of (1) mailing the subpoena with the witness fee and mileage check to the witness's residence with no signature required, and (2) delivery to the witness's place of employment, finding that both means together "will reasonably insure actual receipt of the subpoena." Order at 3, *Oakes Auto, Inc. v. Mitsubishi Motors of N. Am.*, No. 24-2175-TC-GEB (D. Kan. July 17, 2025), ECF No. 121 (Ex. 3).

**B. Plaintiff has been diligent, and the record supports evasion.**

Plaintiff obtained the signed subpoena from the Clerk the same week the Court granted leave, promptly arranged for service by a qualified non-party adult, and attempted personal service five times at Mr. Duffey's verified residence, at varied times of day, with the witness fee tendered. (Ex. 2.) On the fifth attempt, a vehicle not previously present was parked in the driveway, lights were on inside, muffled voices were audible, and the server felt movement from the front porch while calling out for Mr. Duffey by name — yet no one came to the door. (Ex. 2 ¶ 4.e.) This is at least

the diligence — five attempts, at varied times over four days, against an occupied residence that would not answer — on which this Court granted alternative service in *Oakes Auto* (multiple service companies, witness fled from server), and materially more than the attempts underlying *W. Res.* and *Yost*. A witness may not run out the clock on a court-ordered deposition by declining to open the door. *W. Res.*, 2002 WL 1822432, at *2 (Rule 45 is not "a shield for a witness who is purposefully attempting to evade service").

**C. The proposed methods will reasonably insure actual receipt.**

Plaintiff requests leave to serve Mr. Duffey by **all three** of the following methods, which together far exceed the "reasonably insures actual receipt" standard:

1. **Certified U.S. mail, return receipt requested, AND first-class U.S. mail**, to Mr. Duffey's residence, 10020 Foster St., Overland Park, KS 66212, enclosing the subpoena and a check for **$60.88** — the $40.00 statutory witness attendance fee, 28 U.S.C. § 1821(b), plus $20.88 mileage for the 28.8 round-trip miles between Mr. Duffey's residence and the deposition site (10 E. Cambridge Circle Drive, Kansas City, KS 66103) at the 2026 GSA privately-owned-vehicle rate of $0.725/mile, 28 U.S.C. § 1821(c); GSA Bulletin FTR 26-02. See Fed. R. Civ. P. 45(b)(1).

2. **Email to ffudetep@gmail.com**, the address Mr. Duffey personally used to communicate with the school district about the events at issue (USD000875), with the subpoena attached as PDF.

3. **Posting a copy in a sealed envelope at the front door of the residence**, the same location where the five personal-service attempts were made.

Method 1 mirrors the mailing this Court approved in *Oakes Auto*; method 2 is directed to an address whose active use by Mr. Duffey is established in the record, not merely assumed; and method 3 places the subpoena at the door he has declined to open. Plaintiff will file a declaration of compliance documenting completion of each method.

## III. RELIEF REQUESTED

Plaintiff respectfully requests that the Court, on an expedited basis:

a. **Authorize alternative service** of the deposition subpoena on Peter Duffey by the three methods described above;

b. **Order that service is deemed complete** under Fed. R. Civ. P. 45(b)(1) upon completion of the mailing and email described above (with posting to follow as additional assurance) and the filing of Plaintiff's declaration of compliance;

c. **Confirm** that the deposition of Mr. Duffey will proceed on August 20, 2026 at 9:00 a.m. per the subpoena and ECF 103; and

d. Grant such other relief as the Court deems just.

Respectfully submitted,

/s/ Cesar A. Marquez II
Cesar A. Marquez II, pro se
11723 W. 101st St., Overland Park, KS 66214
calexmarquez@gmail.com
816-680-6854

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, the foregoing was filed via the Court's CM/ECF system, which will serve notice on counsel of record for Defendant (Gregory P. Goheen, ggoheen@mvplaw.com), and that a courtesy copy was sent to non-party Peter Duffey by by email to ffudetep@gmail.com.

/s/ Cesar A. Marquez II

**EXHIBITS**

**Ex. 1** — Subpoena to Testify at a Deposition (AO 88A), issued and clerk-signed July 29, 2026 by Deputy Clerk M. Harrison (August 20, 2026, 9:00 a.m. deposition at McAnany, Van Cleave & Phillips, P.A.), with Proof of Service reflecting five unsuccessful personal-service attempts.

**Ex. 2** — Declaration of Ashley Hulett re: five attempted personal-service attempts on Peter Duffey, July 31–August 3, 2026, executed August 4, 2026.

**Ex. 3** — Order, *Oakes Auto, Inc. v. Mitsubishi Motors of N. Am.*, No. 24-2175-TC-GEB (D. Kan. July 17, 2025), ECF No. 121 (courtesy copy of unpublished in-district order; download from PACER/RECAP).